In the Matter of the Application of PURITY FARMS, INC., Petitioner, to Review a Determination Made by HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent.

Supreme Court, Special Term, Albany County, March 10, 1941.

*Harry L. Marcus*, for the petitioner.

*Milo R. Kniffen*, for the respondent.

MURRAY, J.   The petitioner, Purity Farms, Inc., 611 Christopher avenue, Brooklyn, N. Y. applied to the Commissioner of Agriculture and Markets of the State of New York, on the 29th day of August, 1940, for a milk dealer's license, pursuant to article 21 of the Agriculture and Markets Law, for the license year ending March 31, 1941.

The petitioner was incorporated July 2, 1940.   The president and treasurer of petitioner is one Harry Froman of 1220 East Forty-eighth street, Brooklyn, N. Y.   The capital stock of petitioner is 200 shares no par value.   Total assets as shown by application for milk dealer's license is $1,870.   Petitioner was notified of a hearing to be held on its application for a license and such hearing was held October 7, 1940.   Petitioner appeared by Harry Froman, its president, and by Herbert L. Maltinsky, Esq., its counsel. Testimony was taken and evidence presented at the hearing, and on the 19th day of November, 1940, Hon. Holton V. Noyes, Com-

missioner of Agriculture and Markets of the State of New York, denied the application of petitioner for a license.

The Commissioner found and decided that Harry Froman, Esq., president of the applicant corporation, had illegally engaged in business as a milk dealer by operating a route for which he had no license and for the additional reason that petitioner applicant failed to satisfy the Commissioner that it is qualified by character to properly conduct the proposed business.

Petitioner seeks from the court an order directing a review of respondent's determination, and for an order annulling the respondent's determination and directing the issuance of a license to the petitioner and for a stay pending the hearing and determination of the proceeding.

Section 258-c of the Agriculture and Markets Law as to granting and revoking licenses to a person as a milk dealer is as follows: " No license shall be granted to a person not now engaged in business as a milk dealer except for the continuation of a now existing business, and no license shall be granted to authorize the extension of an existing business by the operation of an additional plant or other new or additional facility, unless the Commissioner is satisfied that the applicant is qualified by character, experience, financial responsibility and equipment to properly conduct the proposed business, that the issuance of the license will not tend to a destructive competition in a market already adequately served, and that the issuance of the license is in the public interest."

It is evident that by law the discretion and responsibility granted to the Commissioner is broad and extensive. No complaint can be made against the ruling of the Commissioner unless his determination is arbitrary and capricious. There are no disputed questions of fact in this proceeding. It appears without contradiction that a milk dealer's license was issued to Harry Froman as an individual July 26, 1940, ending March 31, 1941. In his application for that license he stated he was selling 240 quarts of milk per day. His reports filed with the Commissioner of Agriculture and Markets for the months of April, May, June and July, 1940, show that he disposed of daily from 390 quarts to 448 quarts of milk.

Although he had a license to operate on only one route in August, 1940, he operated a second route without a license and employed a man named Morton Goldberg to work for him. Froman applied to the city of New York for a health permit to operate the second route. This application was denied. Froman made no application or request to the Department of Agriculture and Markets to extend his license, and he did not notify the department that he was

operating another route. The petitioner proposes to take over the route formerly operated by Froman as an individual, for which he obtained a license June 26, 1940, the second route which Goldberg is serving and one operated by Isidor Baron. The testimony discloses that Isidor Baron commenced operating a milk route in June, 1939. He applied to the city of New York for a health permit. His application was denied. He did not apply for a milk dealer's license to the Department of Agriculture and Markets, and boldly continues to operate. Baron is the present owner of four per cent of the capital stock of petitioner.

The petitioner stated in its application for a license that it expended $200 for fitting out a milk depot. This was not a true statement of fact. This court is very reluctant not to lend its assistance to any worthy person who is attempting to make an honest living either in selling milk or otherwise, but under the facts and evidence in this case, it would be a sheer abuse of discretion for this court to substitute its opinion and judgment in place of that of a responsible State official charged with enforcing the law, particularly with reference to a commodity upon which the lives, happiness and health of the citizens of the State depend. The motion of petitioner is denied and dismissed and the respondent's final determination is confirmed in all respects.

Submit order.